UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60084-DAMIAN/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSIAH BENNETT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** came before the undersigned for a change of plea hearing as to Defendant Josiah Bennett. *See* (ECF No. 59) ("Order of Referral"). Having held the change of plea hearing on May 12, 2025, the undersigned makes the following findings and recommends that the guilty plea be accepted.[1] *See* (ECF No. 65).

    1.    At the change of plea hearing, the undersigned advised Defendant that the undersigned was conducting the change of plea pursuant to an Order of Referral from the District Judge. The undersigned further advised Defendant that the District Judge would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. The Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea be conducted by the District Judge. Defendant, his attorney, and the Assistant United States Attorney all consented to the undersigned conducting the change of plea hearing.

---

[1] This Report and Recommendation reiterates the Court's oral findings at the change of plea hearing. The audio recording of the proceeding is incorporated by reference.

2. The undersigned conducted a detailed plea colloquy in accordance with Federal Rule of Criminal Procedure 11.

3. After being advised of his rights and the possible consequences of his plea of guilty, Defendant pled guilty to the Indictment, which charges him with carjacking, in violation of 18 U.S.C. § 2119(2) (Count 1), and using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). The undersigned advised Defendant that the Court may impose a term of imprisonment of up to 25 years on Count 1 and up to life on Count 2, with a mandatory minimum term of 10 years on Count 2 to be served consecutively with the sentence imposed on Count 1. In addition to any term of imprisonment, the Court may impose a fine of up to $250,000 on each count. Further, the Court will assess a mandatory special assessment of $100 per count, pursuant to 18 U.S.C. § 3013, which is to be paid at the time of sentencing. Defendant was also notified of the possibility of restitution. Defendant acknowledged that he understood the nature of the charges and the potential penalties and collateral consequences of his conviction in this case.

4. Additionally, Defendant was informed of the Sentencing Guidelines and the fact that the District Judge may sentence Defendant to a more severe sentence than recommended by the Government or estimated under the Sentencing Guidelines, up to the maximum statutory sentence, and that Defendant could not withdraw his plea based solely on the sentence imposed by the District Judge.

5. To establish the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. *See* (ECF No. 64) ("Factual Proffer"). The Factual Proffer was introduced as Government's Exhibit 2 and signed by Defendant and his counsel. *Id.* The Government established all the essential elements of the crimes to which Defendant is

pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged.

6. The parties entered into a written plea agreement that was filed with the Court and introduced as Government's Exhibit 1. *See* (ECF No. 63) ("Plea Agreement"). The undersigned reviewed the terms of that Plea Agreement on the record, and Defendant acknowledged that he had reviewed the entire agreement with counsel before he voluntarily signed it. In addition to the terms in the Plea Agreement, the Government orally agreed to recommend to the District Judge that any sentence imposed in this federal case be served concurrently with the sentence imposed in Defendant's State Court case involving the same conduct as this federal case.

7. The undersigned questioned Defendant regarding the effectiveness of his counsel's representation. Defendant stated that he was satisfied with his attorney and that he has had the opportunity to discuss all facets of his case, including the evidence against him, with his current and/or former attorneys. The Court answered Defendant's additional questions regarding the case and offered Defendant an opportunity to confer with his attorney privately. Defendant reiterated that he was satisfied with his representation and wished to plead guilty.

8. Based upon the foregoing facts and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

9. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment filed in this case, as more particularly described above, and that Defendant be adjudicated guilty of the offenses as charged in Counts 1 and 2.

10. A Pre-Sentence Investigation Report should be prepared for the District Court by the United States Probation Office. The sentencing hearing will be set by separate order from the District Judge.

Within **three days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.[2] Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2024); Fed. R. Crim. P. 59(b)(2); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Fort Lauderdale, Florida, on May 12, 2025.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Melissa Damian
    All Counsel of Record

---

[2] All parties consented to the abbreviated objection period.